104·15   105·15   106·15

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 08 2015

Abel Acosta, Clerk

NO. PD-010415
PD-010515
PD-010615

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS U.S.A

IGNACIO MARTIN GONZALEZ
Appellant-Petitioner,

VS.

THE STATE OF TEXAS
Appellee-Respondent,

APPEALED FROM THE 184TH JUDICIAL DISTRICT
COURT OF HARRIS COUNTY TEXAS
CAUSE NOS. 01377914, 01377915, 01377916
COA NOS. 01-13-00903-CR, 01-13-00904-CR
01-13-00905-CR

PETITION FOR DISCRETIONARY REVIEW
[WITH FEDERAL AUTHORITIES]

IGNACIO MARTIN GONZALEZ
T.D.C.J. NO. 1890285
Petitioner, Pro se
Assisted by the J.H. Lawyer
And Reporter of Human Rights
Violation in Texas Prison
REYNALDO FLORES.
T.D.C.J. NO. 1912036
610 FM 624
Cotulla TX., 78014

ORAL ARGUMENT REQUESTED

## IDENTITY OF THE PARTIES AND COUNSELS

| | |
|---|---|
| Appellant, Petitioner | MR. IGNACIO M. GONZALEZ |
| J.H. Lawyer For Appellant, Petitioner | MR. REYNALDO FLORES T.D.C.J.# 1912036 |
| Counsels Appointed to convict the Appellant-Petitioner, at Trial | MR. GILBERT VILLARREAL Mr. MAVERICK RAY |
| Counsels for the State, District Attorney of Harris City Assistant District Attorney at Trial | Mr. DEVON ANDERSON Mrs. MELISSA DICKSON Mrs. KATIE DAVIS |
| Assistant District Attorney On Appeal | Mrs. JESSICA AKINS |
| Counsel Appointed to Affirm Appellant's Ex Post Facto - Double Jeopardy Conviction On Appeal | Mrs. DAUCIE SCHINDLER |
| Trial Judge Presiding | HONORABLE: JAN KROCKER |
| Court Of Appeals First District of Texas Chief Justice | HONORABLE: SHERRY RADACK |
| | TERRY JENNINGS EVELYN KEYES LAURA CARTER HIGLEY JANE BLAND MICHAEL MASSENGALE HARVEY BROWN REBECA HUDDLE RUSSEL LLOYD JUSTICES |

ii

# TABLE OF CONTENTS

IDENTITY OF THE PARTIES AND COUNSEL ......... ii

TABLE OF CONTENTS ......... iii

INDEX OF AUTHORITIES ......... V-VI

STATEMENT REGARDING ORAL ARGUMENT ......... 1

STATEMENT OF THE CASE ......... 2

STATEMENT OF PROCEDURAL HISTORY ......... 4

GROUND FOR REVIEW OR QUESTION FOR REVIEW

## I. GROUND FOR REVIEW OR QUESTION FOR REVIEW ONE

Violation of Petitioner's 4th, 5th and 6th Amends. through the Exclusionary Rule, when a court improperly admits evidence in violation of the Exclusionary Rule the court's finding must be reversed. U.S. V. Leon, infra; quoting; Mapp V. Ohio, infra; Deck V. Mo., infra.; Gerstein V. Pugh, infra; Bordenkircher V. Hayes, infra.; Blackledge V. Perry.

## II. GROUND FOR REVIEW OR QUESTION FOR REVIEW TWO

Violation of Petitioner's 5th and 14th Amends. through the Double Jeopardy and Due Process clauses either by a multi-duplicity indictment and punishments, concealment of evidences and witnesses and undeniable cahoot between the State, Trial Court and both Trial-Appellate Counsels. Arizona V. Youngblood, infra; quoting; California V. Trombetta, infra; U.S. V. Dixon, infra; Blockburger V. U.S., infra; Mo. V. Hunter, infra.

## III. GROUND FOR REVIEW OR QUESTION FOR REVIEW THREE

Violation of Petitioner's 6th Amendment, which provides that in all Criminal Prosecutions the accused shall enjoy the right to have assistance of counsel. Gideon V. Wainwright, infra Penson V. Ohio, infra. The performance of both Trial and Appellate counsels "fell below an objective standard of reasonableness, resulting in an unreliable and fundamentally unfair outcome of the proceeding Strickland. 466 U.S. at 687, 691-92; Glover V. U.S. infra.

## IV. GROUND FOR REVIEW OR QUESTION FOR REVIEW FOUR

Violation of Petitioner's 8th and 14th Amends. through the Cruel and Unusual Punishment, reflected in a draegonian 60 years conviction. e.g.: Robinson v. California, infra; Furman v. Ga., infra Douglas J. concurring, that the requirements of due process ban Cruel and Unusual Punishment is now settled. La. Exrel Francis v. Resweber. infra.

## V. GROUND FOR REVIEW OR QUESTION FOR REVIEW FIVE

Violation of Petitioner's 14th Amendment, through the conspiratorial 60 years conviction, based on Petitioner national origin, and other based class animus. 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988. e.g. Garner v. Giarrusso, infra.; Jones v. Alfred H. Mayer Co. infra. Chapman v. Houston Welfare Rights Org., infra; Monroe v. Pape, infra; West v. Atkins, infra; Kish v. Rutledge, infra; Bell v. Milwaukee, infra. the individuals involved in Petitioner's wrongful conviction are criminal liables pursuant to 18 U.S.C. § 233!

ARGUMENT ......................... 8~18

PRAYER FOR RELIEF ......................... 18

APPENDIX ......................... 21

# INDEX OF AUTHORITIES

Arizona v. Youngblood, 488 U.S. 51, 58 (1988) — iii

Baze v. Rees, 553 U.S. 35, 36 (2008) — 16

Bell v. Milwaukee, 746 F.2d 1205 (7th Cir. 1984) — iv, 18

Benton v. Md., 395 U.S. 784, 794 (1969) — 5

Blackledge v. Perry, 417 U.S. at 28-29 — iii, 7

Blockburger v. U.S., 284 U.S. 299, 301 (1932) — iii, 6, 12

Bordenkircher v. Hayes, 434 US. 357, 363 (1978) — iii, 7

Brady v. Md., 373 U.S. 83 S.Ct. 1194 (1963) — 6, 14

Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221 (1977) — 13

California v. Trombetta, 467 U.S. 479, 489 (1984) — iii

Campbell v. U.S., 686 F.3d 353, 360 (6th Cir. 2012 — 4

Castañeda v. Partida, 430 U.S. 482, 494 (1977) — 2

Chapman v. Houston Welfare Rights Organization,
441 U.S. 600, 617-18, 99 S.Ct. 1905, 1915-16, 60 L.Ed.2d 508 — iv

Crawford v. State, 892 S.W. 2d 1 (TX Cr App. 1994) — 14

Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156 (1978) — 12

Cuyler v. Sullivan, 446 U.S. 335, 349-50 (1980) — 6, 15

Deck v. Mo., 544 U.S. 622, 629, 634 (2005) — iii

Ex Parte Lange, 85 U.S. 163, 173-74 (1873) — 5, 11, 13

Ex parte Ramos, 806 S.W. 2d (TX Crim. App. 1991) — 13

Flores v. State, 2012 CR 1969 (TX App. 04-12-00815
CR. June 25 2014, San Antonio) — 1, 7, 13

Flores v. S.A.P.D. et al. U.S.D.C. W.D.TX No. 5:13-CV-2;
U.S. Appeal No. 14-50061, Pet. (cert. filed. — 1, 10

Franks v. Delaware, 438 U.S. 154, 56, 171-72 (1978) — 5, 10

Furman v. Ga., 408 U.S. 238, 241 (1972) — iv

Gardner v. State, 858 S.W. 2d 656 (Ft. Worth App. 1993) — 13

Garner v. Giarrusso, 571 F.2d 1330 (5th Cir. 1978) — iv

Gerstein v. Pugh, 420 U.S. 103, 119 (1975) — iii, 5, 6

Gideon v. Wainwright, 372 U.S. 335, 342 (1963) — iii

Glover v. U.S., 531 U.S. 198, 201, 204 (2001) — iii

Griffin v. Breckenridge, 403 U.S. 88, 100-102,
91 S.Ct. 1790, 1797-98, L.Ed 2d 1189 — 17

Jones v. Alfred Mayer Co., 392 U.S. 409, 88 S.Ct.
2186, 20 L.Ed 2d 1189 — iv

Jorden v. State, 897 S.W. 2d 909 (Fort Worth
App. 1995) — 14

Kush v. Rutledge, 460 U.S. 719, 103 S.Ct.
1483, 1488, 75 L.Ed 2d 413 — iv, 17

La. Ex. rel. Francis v. Resweber, 329 U.S. 459,
463 (1947) — iv

Lo-Ji Sales v. N.Y., 442 U.S. 319, 326-28 (1979) — 10

Monroe v. Pape, 365 U.S. 167, 184-87 (1961) — IV

Mapp v. Ohio, 367 U.S. 643, 654-55 (1961) — iii

Mickens v. Taylor, 535 U.S. 162, 166 (2002) — 6.

Mo. v. Hunter, 459 U.S. 359, 368 (1983) — iii

Ohio v. Johnson, 467 U.S. 493, 498 (1984) — 6, ii

Or. v. Kennedy, 456 U.S. 667, 676 (1982) — 5, 13

Passmore v. State, 617 S.W. 2d 682 (Tx.Cr.App. 1981) — 13

Penson v. Ohio, 488 U.S. 75, 85 (1988) — iii

Ramchair v. Conway, 601 F.3d 66, 72-77 (2d Cir. 2010) — 3, 16

Robinson v. Cal. 370 U.S. 660, 667 (1962) — IV

Strickland v. Washington, 466 U.S. 668, 692 (1984) — 6, 15

Strickler v. Green, 527 U.S. 263, 119 S.Ct 1936 (1999) — 14

Terrel v. State, 521 S.W. 2d 618 (Tx Crim App. 1975) — 13

Thomas v. State, 841 S.W. 2d 399 (Tx Crim App. 1992) — 14

U.S. v Acevedo, 141 F.3d 1421, 1423 n.2 (11th Cir. 1998) — 2

U.S. v. Blitch, 622 F.3d 658, 664-68 (7th Cir. 2010) — 2

U.S. v. Cronic, 466 U.S. 648, 659 n.25 (1984) — 6

U.S. v. Dixon, 509 U.S. 688, 700-05 (1993) — iii, 12

U.S. v. Leon, 468 U.S. 897, 915 (1984) — iii, 5

U.S. v. Little John, 489 F.3d 1335, 1344-45 (D.C. Cir. 2007) — 2

U.S. v. Reinhart, 357 F.3d 521, 530-31 (5th Cir 2004) — 4, 16

Wiggins v. Smith, 539 U.S. 510, 534-38 (2003) — 15

Woodson v. N.C., 428 U.S. 280, 304 (1976) — 7

Yeager v. U.S., 557 U.S. 110, 117 (2009) — 5

## RULES-CODES & STATUTES.

18 U.S.C. Section 2331 — iv, 6

42 U.S.C. Sections 1981, 1983, 1985, 1986 — iv, 10, 18

Rule 44.2 Tex. R. App. Proc. — 16

Universal Declaration of Human Rights — 17

The Convention Against Torture. — 17

Tex. Code Crim. Proc. Art. 39.14. — 13

Michael Morton Act. — 13

Tex. Code Crim. Proc. Art. 2.01 — 16, 20

Prison Mail Box Rule —

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner respectfully requests "Oral Argument" in this matter, in Order to address the Severe and irreparable injuries, inflicted to him through the egregious conduct of the government, with deliberate indifference for our Magna Carta, Covenants and treaties signed by the U.S.

The Clerk's Record[1] reflects the undeniable cahoot between the State, trial court and Appointed trial counsels. Mr. Gonzales was indicted, in disregard for his due process and mandatory Gerstein Hearing[2] and based in the customary scheme of false evidence bribed witnesses and ignorant juries unable to identify a double Jeopardy charges-indictment and subsequent Ex Post Facto 80 years conviction.

The International Community has repeatedly condemned these evil practices, sponsored by the State of Texas, broadly bored in FLORES V. STATE in a concealed P.D.R. No. 1362-14, PP# 2-3 and writ of certiorari to the U.S. court of Appeals 5th Circuit No. 14-50061, in which the State and the well known racketeers, Bexar County D.A. coerced an insane victim and her children to falsely testify against Mr. Flores, resulting in acquittal to the fabricated charges of Kidnapping and Sexual Assault. this is exactly the case in Mr. Gonzales Conviction.

---

1. The Clerk's Record in this Matter is Contained in one volume and will as CR.
2. Gerstein V. Pugh, 420 U.S. 103, 119-20 (1975)

2

# STATEMENT OF THE CASE

Mr. Gonzales, was Kidnapped Confined and tortured by Houston Police officers and Harris County Jail, following the illegal Indictment in Cause NO. 1331750. He entered in a plea of Not Guilty and Proceeded to trial by Jury, in a clear Pre-selected Venue and intentionally discriminatory fashion, reflected in a *Prima Facie* case. *Castaneda V. Partida*, 430 U.S. 482. 494 (1977) (Mexican Americans a Cognizable Class)

On March 28, 2013, both State and trial counsels instead to appoint a thirteenth Juror, who would acquit Mr. Gonzales, without his Consent; moved the court to declare a mistrial, with Knowledge that they were losing their bonus and conviction. *U.S. V. Blitch*, 622 F. 3d 658. 664-68 (7th Cir. 2010) abuse of discretion not to impanel new Jury; *U.S. V. Little John*. 489 F. 3d 1335. 1344-45 (D.C. Cir 2007) abuse of discretion when court asked Compound Voir dire questions in which Jurors were instructed not to indicate whether they or their family members or friends had worked in law enforcement.

It's a well Known Practice in Harris County Courts to Subpoena law enforcement workers to Secure Convictions by any mean of deception. *U.S. V. Acevedo*. 141 F. 3d 1421. 1428 n.2 (11th Cir. 1998)

In CR-45-59 the trial court acting in cahoot with the State and trial counsels, Pre-meditated granted on February 19, 2013 a Notice of Re-Indictment, in order to entrap Mr. Gonzales, in a potential mistrial and Subsequent infested Jury trial in two additional causes. CR-1 at 9, CR-2 at 9, CR-3 at 9.

After 180 days of a clear Premeditated entrapment, the trial court and conspirator parties, without any shame, having weighed Petitioner's Skills and Lacking any ability to defend himself or Knowledge of English language, Convicted him to 60 Years Sentence as the result of a Premeditated and Conspiratorial State's Motion to Cumulative Sentence (CR-87) filed way before the mistrial, on February 20, 2013.

2

As was expected, the Trial Court Granted Said Motion in flagrant mockery to Mr. GONZALES' Constitutional rights. R.R. Vol. 22 at 5-6.[3]

Notice of Appeal was filed on October 8, 2013, the Trial Court appointed the conspirator Appellate Counsel DALLIE SCHNIDER, to secure and affirm the draconian Double Jeopardy and Ex Post Facto conviction. CR-395-398. e.g.; Ramchair V. Conway, 601 f-3d, 66, 72-77 (2d Cir. 2010); Counsel's failure on Appeal to raise argument for mistrial was ineffective assistance, because argument had a good chance of winning as defendant's right to fair trial was clearly violated. Which is Mr. GONZALES' case on Appeal.

_____

[3] The Reporter's Record in this matter is contained in 22 volumes and will be referred as R.R.

## STATEMENT OF PROCEDURAL HISTORY

On April 2nd 2014, the Conservator appointed appellate counsel, filed a _frivolous brief_, [4] on State's behalf, with the evil intent to injure Mr. Gonzales; lacking any reversible constitutional error, as requires Rule 44.2 Tex. R. App. Proc.; or Federal authorities. _Campbell v. U.S., Supra; U.S., v. Reinhart, Supra_, Counsel's failure on appeal to raise trial court's sentencing error, was ineffective assistance because error increased defendant's sentence 5 years.

On or about July 22nd 2014, the state filed its Appellee's brief [5] alleging nothing and supported with fake State's authorities.

As expected an on or about December 15, 2014, the Court of Appeals instead to strike both briefs; acting in clear cahoot with the State; affirmed Mr. Gonzales' double jeopardy and Ex-post facto conviction.

On or about December 28, 2014, Mr. Gonzales; through his jailhouse lawyer; pursuant to prison mail box rule, timely filed his _Motion for Reconsideration_ which allegedly was denied on January 28 2015, and mailed to the Appellant on June 5 2005.

On January 30, 2015, this court granted petitioner's motion for extension of time to file P.D.R.; which was timely filed.

On June 11 2015, this court granted an additional 30 days extension of time to re-draw the P.D.R. which is timely deposited pursuant to prison mail rule on this the 5th day of July 2015.

---

4. The frivolous Appellant's brief will be referred as APP. BF.
5. The State's brief will be referred as St.APP.BF.

## GROUND FOR REVIEW OR QUESTION FOR REVIEW ONE

Under the Exclusionary Rule, evidence obtained in violation of the 4th, 5th or 6th. Amendments, may not be introduced at trial to support a defendant's guilt. The Criminalist Specialist, COURTNEY HEAD, testifies "No DNA or scientific evidence were found to support the false charges against Mr. GONZALES. R.R. 18 at 50-63

The facts and evidence show that the state, trial court and trial counsel, conspired to insure Mr. GONZALES, by using the insane Ms. OLIVARES, her false, deliberate and reckless Affidavit, to obtain 60 years conviction in exchange to regulate her Immigration status in the U.S., R.R. 17 at 10-122. Said actions constitutes International and Domestic Terrorism. 18 U.S.C. § 2331 Gerstein V. Pugh, Supra. e.g., U.S. V. Leon, 468 U.S. 897, 920 (1984), Id. at 918-19, quoting; Franks V. Delaware, 438 U.S. 154, 155-56, 171-72 (1978); The Police obtained, pursuant, a search warrant they believed to be valid, but was later found to be defective for Lack of Probable Cause.

## GROUND FOR REVIEW OR QUESTION FOR REVIEW TWO

The Double Jeopardy clause of the 5th Amendment which applies to States through the 14th Amendment. States that no person shall be subject for the same offense to be twice put in jeopardy of limb of life, and this prohibition applies to imprisonment and monetary penalties. Yeager V. U.S., 557 U.S. 110, 117 (2009) Citing, Ex Parte Lange. Supra. Double Jeopardy applies to every Indictment or Information charging party with crime or misdemeanor. See also, Benton V. Md., 395 U.S. 784, 794 (1969)

Nothing in the Record suggests the Appellant's consent to declare Mistrial on March 28, 2013, rather than a malicious granted, Notice of re-Indictment which go to trial on February 19, 2013, with the evil intent to punish the appellant, in a splited 9-0 decision, that would acquit him by appoint a 13th Juror; Putting the Appellant, in jeopardy of limb of life. Or. V. Kennedy 456 U.S. 667, 673 (1982); Ex-Parte Lange, Supra (The Double Jeopardy Clause bars a prosecution for the same

5

offense if Jeopardy attached in the Original Proceeding, The appellant received multiple punishments for the Same alleged offense. CR.373,383-390. Ohio V. Johnson, 467 U.S. 493,498(1984) citing: Blockburger V. U.S. 284 U.S. 299,301(1932)

## GROUND FOR REVIEW OR QUESTION FOR REVIEW THREE

The deficient and Conspiratorial Performance of the Appointed trial Counsel; VILLARREAL fulfills the Prejudice Prongs enunciated by the Supreme court in Strickland, Cronic and Mickens V. Taylor, 535 U.S. 162, 166 (2002) Prejudice Presumed when assistance of Counsel "denied entirely or during a Critical Stage of the Proceeding"

As an initial matter the trial counsel Failed to set a Gerstein Hearing, which would demonstrated that Probable Cause never existed to arrest Mr. GONZALES. RR-18 at 58-63. Furthermore the Failure to Furnish a discovery, as requires Art. 39.14 T.C.C.P. Shows the undeniable Cahoot of said counsel and the State. Brady V. Md., Supra.

Mr. VILLARREAL, was clearly burdened by an actual Conflict of interest, clearly demonstrated in Jury trial through the outrageous conduct of the insane Ms OLIVARES. RR. 17 at 9-122. and concealed exculpatory evidences. Cuyler V. Sullivan, 446 U.S. 335,349-50(1980)

## GROUND FOR REVIEW OR QUESTION FOR REVIEW FOUR

Excessive bail Shall not be required, not excessive fine, imposed, not Cruel and Unusual Punishment inflicted. The Kidnapping - torture and U.S $ 100,000 fine reflect the Outrageous Conduct of a Well Organized Criminal Organization, in Complete moral and financial bankruptcy, targeting our immigrant community without legal or Statutory authority, which constitute a gross offense as Provides 18 U.S.C. § 2331.

Almost one year elapsed since the false charges were filed and the DNA and evidences were available reflecting the innocence of Mr. GONZALES, and regardless the statements of the alleged victim, who testifies.

that the insane Ms. OLIVARES, is the aggressive party, Mr. GONZALES was ambushed by the state, trial court and trial counsel, these custom and policy among the Texas Judicial System; was broadly briefed in FLORES V. THE STATE OF TEXAS, Appeal No. 04-12-00815-CR. In which, the alleged victim being coerced by the state, describes the manner, how she was raped, torture and kidnapped and the defendant in his ability to defend himself; exposed the deceiving way to obtain convictions through his acquittal.

Jury Instruction and Sentencing options. If jurors are potentially mislead concerning their roles in sentencing the 8th Amendment heightened "need for reliability" may require reversal because the jury does not "have before it all possible relevant information about the individual defendant whose fate it must determine. Woodson V. N.C., 428 U.S. 280, 304 (1976).

In Mr. Gonzales trial, the juries were mislead, the trial court failed to instruct them with the basic principal of the Law. Nothing in the record suggests the jury instruction to considered the undeniable Double Jeopardy Indictments. R.R. 22 at 15.

GROUND FOR REVIEW OR QUESTION FOR REVIEW FIVE

The 14th Amendment guarantees Mr. Gonzales as a Jurisdictional citizen of the U.S.; No State shall make or enforce any law which shall abridge the privilege or immunities of citizen of the U.S.; Nor shall any State deprive any person of life or liberty, or property, without due process of law; Nor deny any person within its Jurisdiction the equal protection of the laws.

Mr. Gonzales, in the free exercise of his rights, abandoned an unhealthy relationship with the insane "MARIA OLIVARES" due to her Hypochondriasis and Histrionic personalities, in order to prevent the imminent injuries and subsequent vindictive prosecution, as proved through the egregious conduct of the Government and obscene testimony of the insane Ms. OLIVARES. Bordenkircher V. Hayes, 434 U.S. 357, 363 (1978). The due process clause prohibit a Prosecutor

7

From using criminal charges in an attempt to penalize a defendants valid exercise of Constitutional or Statutory rights. RR. 17 at 9-122.

Mr. GONZALES, before, during and after trial was maliciously re-indicted and faced an increased in the number and severity of the fabricated charges with the evil intent to obtain the draconian 60 years conviction and undeniable vindictiveness. CR. 45-52 Blackledge v. Perry, 417 U.S. at 28-29.

## ARGUMENT

THE EXCLUSIONARY RULE. Following a deliberate and reckless false Affidavit, fabricated by Houston Police Officers; Mr. GONZALES was kidnapped-confined and tortured in Harris County Jail; with an imposed and outrageous U.S. $100,000.00 by the Trial Judge; JAN KROCKER; on February 20, 2012. (eleven months after the reckless and false charges-Affidavit given by the insane outcry witness MS. OLIVARES) CR at 8-13.

the alleged victim; BRANDON RENOVATO; was never sexually assaulted and was corroborated by the Criminalist Specialist; COURTNEY HEAD. RR. 18 at 56-60; CR 337-360.

Q. (By MS. Dickson) Let me show what's already been admitted as State's Exhibit No.11. Do you know what that is?
A. It appears to be a sexual assault Kit.
Q. And was there any semen present in that test?
A. NO.

BRANDON RENOVATO, was also tested for semen on the Penile swabs, anal swabs, oral swabs and the Underwear. There was no semen present. CR-64

The psychotherapist Dr. Schmidt, met BRANDON RENOVATO Post; after the alleged event had taken place. CR-72-73. The insane Federal offender (Under 8 U.S.C.) MARIA OLIVARES, desperate to obtain her legal residence in the U.S.; coerced the minor, acting in cohoot with the State to testify against Mr. GONZALES; showing

8

her insanity through her outrageous conduct and obscene testimony. RR. 17 at 36-44; 82-90.

Q. And to be quite honest about it, you thought your son was giving, I guess, a blow job or oral sex to MARTIN; is that correct?

A. Yes

Q. You said that after you suspected this, after even seeing the zipper down that you went shopping with MARTIN?

A. Yes, RR. 17 at 90-91.

The Police Report written on March 15, 2011, states in RR-17 at 104 that Ms. OLIVARES told the Police Officer, that IGNACIO and BRANDON were both sitting on the couch on IGNACIO's lap with red mouth and saliva. After the event Ms. OLIVARES and Mr. GONZALES, went to Wal-Mart, and later Ms. OLIVARES, advised him "would be leave I'm calling the police" RR. 17 at 102

The Clerk's Record suggests that the insane Ms. OLIVARES suffers severe Hypochondriasis and Histrionic personalities; as result of the continuous sexual abuse during her childhood. R.R. 17 at 93-94.

The Supreme Court has identified five situations in which Police reliance on a warrant is not objectively reasonable:

(1) When a magistrate issues a warrant based on a deliberately and recklessly false Affidavit.

(2) When a magistrate fails to act in a neutral and detached manner

(3) When a warrant is based on an Affidavit "so lacking in indicia probable cause as to render official belief in its existence entirely unreasonable

(4) When a warrant is so facially deficient that no reasonable officer could believe it to be valid; and

(5) When police recklessly maintain or knowingly enter false information into a warrant database to enable future arrests.

9

the total court JAN KROCKER, in clear discrimina-tory fashion by Petitioner' National Origin, as Mexi--can Immigrant; personally Set the Outrageous $1,000,000 Bond, but also Conspired with the-trial Counsel and State, to convict the Petitioner, failing to Set a Gerstein or Franks Hearing.[6] CR-13. Creating a Cause of action Pursuant to 42 U.S.C.§ 1986.[7]

In Jo-Ji Sales, Inc, v. N.Y., 442 U.S. 319, 326-28 (1979) the Police Officers viewed two films Purchased at an adult bookstore, concluded that they were obscene, and applied for a warrant to Seize Similar films in the Same bookstore. Id at 321. The magistrate accom--panied the Officers to the bookstore, viewed the films and determined on the Spot that there was Probable Cause to Seize the Films as violative of local obscenity laws. Id. at 322-24. The Supreme Court invalidated the warrant and Suppressed the Seized evidence, because the magistrate had abandoned a neutral and detached posture by becoming leader of the Search Party. Id. at 326-28 See also: U.S. v. Parker, 373 F.3d 770, 774 (6th Cir 2004) (Same)

In Flores v. San Antonio Police Dept. etal U.S.D.C (W.D.Tx) 5:13-CV-2; Appeal No.14-50061; Pet. Cert. Filed. Mr. Flores Kidnapped~Tortured by the Sex offenders S.A.P. Detective R. Vara and Gangsters; and Confined in County Jail For eleven months, while the State trial Counsel and Trial Court MELISA SKINNER, Concealed Compelling exculpatory evidence to try Mr. FLORES, on double Jeopardy grounds and on infested Jury trial with the Customary Scheme of false evidences and bribed witnesses. Resulting in an unexpected acquittal or Subsequent Civil and Criminal Prosecution, against the Conspirator Parties.

The Outrageous Conduct of the government, trial Court, and both trial and appellate Counsels, Clearly violated Mr. GONZALES' Exclusionary Rule, 4th, 5th and 6th Amends.

6. Franks, v. Delaware, 438 U.S. at 156 (1978), Explaining that the Court must declare the warrant invalid and Suppress evidence Siezed during the unlawful Search.
7. 42. U.S.C. § 1986 Creating liability For neglect to Prevent

therefore this Court should sustain Petitioner's first ground and overturn this draconian 60 years conviction.

## DOUBLE JEOPARDY CONVICTION

As aforementioned the Double Jeopardy is prohibited in the U.S. Constitution. Amendments V and XIV, and in the Texas Constitution Art. I §14. The enacted Universal Declaration of Human Rights Art. 14 §2 and Convention Against Torture both signed by the U.S., e.g. 28 U.S.C. § 2254 (a)

The Clerk's Record in Pages 72-82 shows the multi-duplicity Double Jeopardy charges and evil intent to punish Mr. GONZALES in a clear vindictive and selective prosecution, based on his national origin. In Ohio v. Johnson, 467 U.S. at 501-02, the trial court granted the defendant's motion to dismiss the two more serious offenses on double jeopardy grounds. In GONZALES' case the trial court acting in cahoot with the State and trial counsel after the malicious mistrial, falsely brought after 12 months two additional instrument charges, containing multi-duplicity charge; regardless the reckless-false affidavit of the federal offender MS. OLIVARES. Ex parte Lange, 85 U.S. 163, 176 (1874) defendant who suffered full punishment for offense may not be subjected to another punishment.

In RR. 16 at 98 the alleged victim testifies that the insane MS. OLIVARES is the real offender, having multiple sexual partners and intercourse in front of the minor RENOVATO.

"but I saw my mom like she was standing up and bent and then when her phone was ringing, I went to give it to her and then I saw her and like JOE, that is-his-her well, that I think they are dating, I don't know. But then I saw them that my mom was her pants like down and JOE's pants unzipped and his underwear down. And then I saw that JOE was going back and forward and put his middle part in my mom's middle part. And then he went back and forward.

the minor RENOVATO, ran back to his room and he put he cover over to does not get cold, because he was scared.

Q. And who is JOE?

A. that is a friend of "MARTIN"

Q. Okay, and how many times have you seen this JOE?

A. A lot of times. RR.16 at 98-99.

The minor RENOVATO, testifies, that no one had ever touched him and testifies that his statement is different at the day of the event than his previous hearing. RR.16, at 100. The evidences, suggests that the minor was being coached by the State.

## Blockburger Test - Multiplicity Charges.

To determine whether the State is attempting to punish an accused twice for the same offense, the Court must examine each of the statutes to determine whether each requires proof of an additional element that the other does not. This is known as the Blockburger Test. Blockburger V. U.S., 284 U.S. 299, 52 S.Ct. 180 (1932) readopted in U.S. V. Dixon, 509 U.S. 688, 113 S.Ct.2849 (1993).

Jeopardy attaches in a jury trial when the jury is impaneled and sworn, and in bench trial when the first witness is sworn. Crist V. Bretz, 437 U.S.28, 98 S.Ct. 2156 (1978).

On February 19, 2013 [ Prior to jury trial declared mistrial, on March 28 2013, without Mr. GONZALES' consent ] The State Filed a Notice of Re-Indictment CR 47. Which was maliciously granted on February 20, 2013, with the evil intent to obtain multiple punishments, for the same false charges, allegedly accused on March 15, 2011. Said allegations, denied by the minor and alleged victim; BRANDON RENOVATO, in RR 16 at 100. Mr. GONZALES, was maliciously re-tried, 6 months later, and entrapped in an infested jury trial, full of any kind of trickery-scheme; reflected in the outrageous cumulative 60 years sentence and irreparable injuries inflicted to Mr. GONZALES.

Retrial after Mistrial can violate Double Jeopardy unless the defendant consents or if the Mistrial was granted by some form of manifest necessity. *Gardner V. State*, 858 S.W. 2d 656 (Ft. Worth App. 1993); *Or. V. Kennedy*, supra; *Ex Parte Lange*, supra.

Double Jeopardy may also be raised by Habeas Corpus either Pre Conviction or Post Conviction. *Ex Parte Ramos*, 806 S.W. 2d (Tx. Cr. App. 1991); *Brown V. Ohio*, U.S. 432 U.S. 161, 97 S. Ct. 2221 (1977)

The evidence and Record Show, the Undeniable Double Jeopardy Clause violation, either by re-trial after mistrial or Multiple Punishments for the False charges of Sexual Assault. CR 223-291

In *Flores. V. State*, 2012 CR 1969 (San Antonio, Dec 3rd 2012) a local Immigrant entrepeneur, was Kidnapped tortured and confined by the Sex Offender S.A.P. detective R. VARA and Criminal Partners, Following the Customary embezzlement of assets, and False charges of Aggra- vated Kidnapping and duplicity charges, resulting in acquittal, regardless the false testimony of three federal offenders, subpoenaed to testify against Mr. Flores.

The actions of the Government, trial Court and trial Counsel VILLARREAL, Clearly violated Mr. GONZALES' Double Jeopardy Clause and Ex Post Facto Clause under the 5th, 8th and 14th Amendments, therefore this Court Should Sustain Petitioner Second Ground and overturn, this 60 years Conviction.

## DUE PROCESS CLAUSE VIOLATION

Discovery. Art. 39.14 T.C.C.P. Provides that the defense is entitled to inspection and copying of all items on State's Possession including Police Report, and has the right to have his own expert *Terrel V. State*, 521 S.W. 2d 618 (Tx Crim. App. 1975) the State's Witnesses and their Criminal records are subject to discovery. *Passmore V. State*, 617 S.W. 2d 682 (Tx Crim. App. 1981) e.g., Michael Morton Act.

13

Mr. GONZALES never received his discovery Packett rather than the continuous threats of the State Counsel through his Criminal Partner, VILLARREAL, to disappear him in Prison if he failed to sign 25 Years Conviction. The clear entrapment is demonstrated To CR-47 in which both State and Trial Counsel, with the full consent of Trial Court, conspired to injure Mr. GONZALES in a Premeditated Mistrial, that th should resulted in acquittal in the splitted 6-6 decision and clear failure to appoint a 13th Juror.

the undeniable Scheme and Customary trickery is confirmed in RR 16 at 102 by the testimony of the Insane Ms. OLIVARES, and alleged victim; RENOVATO

Q. So, Was MARTINI left the day your mom kicked him out of the apartment, is that right?

A. Yes.

Q. Did you ever seen him after that?

A. No.

If the alleged offense occurred on March 15, 2011 and the alleged victim never saw Mr. GONZALES again, It's clear that the State fabricated the multiple charges with the assistance of Ms. OLIVARES in exchange to obtain her legal residence in the U.S. through the Violence Against Woman Act. RR 19 at 24-28.

The State Prosecution violated Art. 2.01 T.C.C.P. by willfully tried by any mean of deception and brutality Mr. GONZALES, and by willfully concealed compelling exculpatory evidence before and during the trial. Crawford v. State, 892 S.W. 2d 1 (TX.Cr.App. 1994); Strickler v. Greel, 527 U.S. 263, 119 S.Ct. 1936 (1999).

Work Product Privilege will not shield the State from the requirement that exculpatory or mitigation be disclosed Jordan v. State, 897 S.W. 2d 909 (Ft Worth App. 1995)

Article V of the U.S. Constitution requires disclosure of exculpatory evidence and mitigating evidence, under the doctrine in Brady v. Md., 373 U.S. 83 S.Ct. 1194 (1963); Thomas v. State, 841 S.W. 2d 399 (Tx Crim App. 1992).

the outrageous conduct of the Government through the violation of the 9th and 14th Amendments mandates the reversal of Petitioner's draconian conviction. and this Court should order his immediate release from captivity.

## INEFFECTIVE ASSISTANCE OF COUNSEL.

Mr. ALBERTO VILLARREAL, was maliciously appointed by the State and trial court to convict the petitioner (CR 12), right after to receive his bonus and 60 years Conviction, cowardly abandoned Mr. GONZALES, exposing him to the conspiratorial representation of the appointed appellate counsel BAUCIE SCHINDLER CR-397.

Mr. GONZALES. learned that both offenders, VILLARREAL and SCHINDLER, possess an endless list of victims of International Terrorism, as provides 18 U.S.C. §2331. By acting in cahoot with the State and the Court System to insure our Immigrant Community, and vulnerable American Citizens.

In Cuyler V. Sullivan, Supra, the Supreme Court, ruled that a defendant can demonstrate a Sixth Amendment violation by showing (1) that the counsel was actively representing conflicting interest. and (2) the Conflict had an adverse effect on specific aspects of Counsel's performance. Strickland V. Washington, 466 U.S. 668, 692, (1984) right to effective assistance of Counsel impaired when defense Counsel operates under Conflict of interest. because Counsel breaches the duty of Loyalty, perhaps the most basic of Counsel's duties.

As an initial matter, Mr. VILLARREAL failed to set a Gerstein hearing, or Cross examine and suppress the irrational testimony of the insane outcry witness MARIA OLIVARES. Lacking any Probable Cause or even reasonable suspicion to arrest and try Mr. GONZALES.

In Wiggins V. Smith, 539 U.S. 510, 534-38 (2003) Counsel's failure to confront Jury with considerable mitigating evidence was ineffective assistance of Counsel, because was reasonable Probability of different Sentence.

15

the declared mistrial and splitted 6-6 juries decision had a reasonable Probability of acquittal; if the conspirator trial counsel move the court to appoint a 13th juror.

The Brief Filed by the conspirator Appellate counsel on State's behalf, Pratt & Proves that Mr. Gonzales afforded his appeal without counsel who failed to file any reversible error as requires Rule 44.2 TX R. App. Proc.; Therefore pursuant to Prison Mail Box Rule Mr. Gonzales, timely Filed his Motion for Reconsideration; which was ignored by the Appellate court. e.g.; Appendix. C.

Ramchair V. Conway, Supra. Counsel's failure on Appeal to raise argument for mistrial was ineffective Assistance. Nothing in the Brief Filed by the conspirator Appellate counsel Suggests Double Jeopardy grounds or Due Process violation. U.S. V. Reinhart, Supra. Failure on Appeal to raise trial court's Sentencing error was ineffective assistance because error increased defendant's Sentence by 5 years.

Because the Actions of both trial and Appellate counsels, clearly violated Petitioner's Sixth Amendment by acting in cahoot with the State and both trial and Appellate courts denying a clear established 6th Amend. right to effective assistance of counsel. CR-47-50; CR 231; RR-28; at 5-6. Therefore Petitioner's Third Ground for review Should be Sustained; this conspiratorial 68 Years conviction overturned and this court of Criminal Appeals Should order Petitioner's release Captivity.

## CRUEL AND UNUSUAL PUNISHMENT

BAIL. The Eighth Amendment states that Excessive bail Shall not be required. This Provision, which the Supreme Court has assumed applies to the States through the 14th Amendment. Baze V. Rees. 553 U.S. 35-36 (2008)

the conspirator parties in this case, instead to arrest the Federal offender Mario Olivares who assaulted the minor in countless opportunities RR-19 at 17-34 and Sexually assaulted him by exposure, creating severe

16

traumas in the minor; RENOVATO, when he saw the insane OLIVARES having intercourse with JOE. R.R. 16 at 98-100. Therefore the outrageous $100,000.00 Bond constitutes a gross offensive 8th Amendment Violation and an instrument of oppression to avoid Mr. GONZALES' release from captivity and obtain the Premeditated 160 years conviction, by mean of deception and the customary brutality.

Dr. SCHMIDT during his interview with the insane OLIVARES, addressed her sexual abuse as a child. Stating she desires to avoid non-satisfying, destructive relationships (CR-273), as the MERK'S Manual of Medical information, explains: The outcry witness, MARIA OLIVARES, projects all the Symptoms of a Hypochondriacal and Histrionic patient. The Same RENOVATO, asked both sexual partners JOSE and MARTIN, to take him home with them CR-260.

Because the Same alleged victim and evidence show that Mr. GONZALES is the Real victim of International Terrorism and Cruel and Unusual Punishment, Prohibit by the 8th and 14th Amendments, and Treaties; this court should sustain this Ground and this Conspiratorial Ex Post Facto conviction Overturned.

## CONSPIRACY AGAINST RIGHTS

The 14th Amendment Prohibit the State of Texas and Gangsters the execution or Kidnapping, torture and coercion to their victims, who represent a threat to the interest of a well organized terrorist organization; clearly demonstrated in this case, orchestred by the trial court, JAN KROCKER. Rendering and giving rise to liability, Pursuant to 18 U.S.C. § 2331 and 42 U.S.C. §§ 1981 Equal Protection Under law; 1983 to redress the deprivation under Color of State Law; 1985 Conspiracy to interfere with civil rights; 1985 (2) Obstructing Justice, intimidating party, witnesses or Juror; 1985 (3) Depriving persons of rights or Privileges e.g., Briscoe V. Lahue, 460 U.S. 325, 103 S.Ct. 1108, 1117, 18, 75 L.Ed. 2d 96.; Griffin V. Brackenridge, 403 U.S. 88, 100-102, 91 S.Ct. 1790, 1797-98, 29 L.Ed 2d 338 Rush V. Rutledge, Supra

42 U.S.C. § 1986, Action For Neglect to Prevent. Bell v. Milwaukee, 746 F.2d 1205 (7th Cir 1983)

As Aforementioned and affirmed by the conspirator appellate counsel, On March 15, 2011, Houston Police Officer; JOHN GERSCHEFSKI, arrived to the Scene APP. B. P#6 and instructed the insane MARIA OLIVARES to take BRANDON, to the Hospital to have a rape Kit performed RR. 14 at 13-20. the results of Said Kit was available way before Mr. Gonzales' Kidnapping, the specialist MS. HEAD; excluded Mr. GONZALES of the fabricated charges of Sexual Assault. RR. 18 at 56-60.

In CR-47-50 Mr. Gonzales, was entrapped by the trial Court and Criminal Partners by the outrageous $100,000. bail and subse quent Mistrial, resulting in the conspiratorial 60 years Conviction, based in the false Affidavit and Statement of the Federal offender MARIA OLIVARES.

the Brief, filed by the Conspirator Appellate Counsel. On State's behalf, demonstrates the Modus operandi of the Harris County Judicial System, Sponsored by the State of Texas in a desperate effort to Justify the existence of a Human Trafficking Criminal organization in Complete Moral - Financial bankruptcy.

Because the evidences and Record Shows that Mr. GONZALES, is Just one more of thousands of Victims of International and Domestic Terrorism, this Court Sustain these Grounds For Review, and in the interest of the Justice and Society overturn this Egregeous conviction and Order Mr. GONZALES release from Captivity. e.g. Appendix N.

## PRAYER FOR RELIEF

Petitioner and his I.H. Saucker, both Political Prisoners and immigrants, Victim of the Same Criminal Judicial Criminal Organization of Human Trafficking and torture, pray to this Court of Criminal Appeals of TEXAS to Reverse this Outrageous Draconian Conviction and Order the immediately From Confinement

the Petitioner in Compliance with International Standards and Treaties.

Respectfully Submitted

Att. Lawyer & Reporter
of Human Rights Violations
Reynaldo Flores
NO. 1912036
610 FM 624
Cotulla TX 78014

Ignacio M. Gonzales
Appellant - Petitioner
NO. 1819295
610 FM 624
Cotulla TX 78014

19

## CERTIFICATE OF SERVICE

I, Martin Gonzales, Certify under penalty of perjury that the matters alleged in this petition for Discretionary Review are true and correct Containing an average of 4500 words, in compliance with the Texas Rules of Appellate procedure and was timely Transmitted to Mr. Abel Acosta Clerk of the Court of Criminal Appeals of Texas P.O. Box 12308, capitol Station, Austin Texas 78711 (Containing Appendices A-D), via U.S. Postal Service first class, pursuant to Prison mailbox Rule and 28 U.S.C. § 1746 and Fed.R. App. Proc. 4(c)(1)

Dated June 5th 2015

Ignacio M. Gonzales
Ignacio Martin Gonzales
Appellant - petitioner
No. 1890295
Cotulla Unit
610 FM 624
Cotulla TX 78014

# APPENDICES

Appendix A.    Includes Motion For Recalender Filed by John W. McPhail, Assistante Chief Counsel, D.H.S.

Appendix B.    Mandate Opinion Issued on December 16, 2014, by the Court of Appeals For the First District of Texas.

Appendix C.    Order on Motion For Rehearing timely Filed Pursuant to Prison Mail Box Rule on December 28 2014. and denied and mailed to the Appellant on June 5th 2015

Appendix D.    Civil and Criminal Prosecution (docketed) against 40 members of the International Terrorist Organization of Human Trafficking Torture, Extortion and Bribery; T.D.C.I and Gangsters.

22

John W. McPhail                                          DETAINED
Assistant Chief Counsel
Department of Homeland Security
Immigration and Customs Enforcement
Office of Chief Counsel
7405 C1 Highway 75th South
Huntsville, Texas 77340


UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION COURT
SAN ANTONIO , TEXAS


| In the Matter of: | § |
| RODRIGUEZ MATA, RODOLFO | § |
| | § |
| RESPONDENT | § |  File No.A205-758-930 |
| | § |
| | § |
| IN REMOVAL PROCEEDINGS | § |


## MOTION TO RECALENDAR


*e.g., Appendix A*

Comes now the Department of Homeland Security and moves this Court to recalendar in the foregoing case. The respondent's case was administratively closed on July 31, 2014 based on the respondent's direct appeal of his conviction. The respondent's conviction was affirmed on December 16, 2014. See Tab "A".

Wherefore, premises considered, the Government moves this court to recalendar the matter.

Respectfully submitted,

John W. McPhail, Esq.
Assistant Chief Counsel
Department of Homeland Security
7405 Cl Highway 75th South
Huntsville, Texas 77340

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Recalendar was mailed to the respondent, Ignacio Gonzalez, Inmate no. 1890295, c/o Texas Department of Criminal Justice Box 99, Huntsville, Texas 77342-0099 on this the 26th day of March 2015.

John McPhail
Assistant Chief Counsel

2

Opinion issued December 16, 2014.



In The

# Court of Appeals

For The

# First District of Texas

---

NO. 01-13-00901-CR

NO. 01-13-00902-CR

NO. 01-13-00903-CR

---

IGNACIO MARTIN GONZALEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 184th District Court
Harris County, Texas
Trial Court Case Nos. 1377914, 1377915, 1377916

---

*e.2. , Appendix B*

## OPINION

A jury convicted Ignacio Martin Gonzalez of three counts of aggravated sexual assault of a child younger than age 14.[1] In three issues, Gonzalez asks this Court to reverse his conviction and remand the case for new trial. First, Gonzalez asserts that the trial court erred by admitting the complainant's medical records. Second, he argues that, to the extent his attorney failed to preserve the first issue for appeal, he was denied effective assistance of counsel. Third, he contends that the trial court erred by denying his motion for a mistrial after an improper impeachment. We affirm.

## Background

Gonzalez had an ongoing relationship with the mother of the complainant, B.R., a seven-year-old boy.[2] Eventually, Gonzalez moved into an apartment with B.R. and B.R.'s mother. Subsequently, B.R.'s mother noticed strange changes in B.R.'s behavior. One day, B.R.'s mother stepped out of the shower to discover Gonzalez next to B.R. Gonzalez's pants were unzipped; B.R.'s mouth was red and covered in saliva; both appeared startled. B.R.'s mother accused Gonzalez of sexually assaulting B.R.

Several medical personnel treated B.R., including Dr. William Schmidt, a psychotherapist. B.R. told Dr. Schmidt that Gonzalez had abused him. During the

---

[1]  TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (2)(B) (West Supp. 2014).
[2]  To protect the complainant's identity, he will be referred to as B.R.

course of his therapy, B.R. also discussed an encounter with two mating dogs that reminded him of Gonzalez. Dr. Schmidt diagnosed B.R. with Post-Traumatic Stress Disorder ("PTSD").

The State charged Gonzalez with three counts of aggravated sexual assault of a child.[3] During trial, B.R. testified that Gonzalez sexually assaulted him. His mother testified about B.R.'s changes in behavior and her discovery of the abuse. An emergency-room nurse testified that she examined B.R. and that B.R. told her about the sexual assault. The State offered the emergency-room medical records (with inadmissible hearsay redacted) into evidence; Gonzalez did not object to those records as tendered. Subsequently, the State called a sexual-abuse investigator, who testified that B.R. also told her about the assaults.

Finally, the State announced that it intended to call Dr. Schmidt as a witness and introduce his records of B.R.'s treatment. Pursuant to an agreement between the parties, the State redacted certain inadmissible portions of the records. Before Dr. Schmidt took the stand, and outside the presence of the jury, Gonzalez objected to the admission of Dr. Schmidt's redacted records. He argued that they were highly prejudicial or that, in the alternative, the portion related to the dogs was

---

[3] Gonzalez was initially charged with one count of aggravated assault of a child. The jury could not reach a unanimous verdict, and the trial court declared a mistrial. Subsequently, Gonzalez was charged with three counts of aggravated assault of a child. This appeal is from the second trial.

3

highly prejudicial and thus inadmissible. The trial court denied the objection. Counsel re-urged the objection when the State offered the records; the trial court again overruled the objection and admitted the records.

During Gonzalez's case-in-chief, he called his son to be a character witness. On cross-examination, the State asked his son about three prior marijuana convictions. The trial court sustained an improper-impeachment objection and instructed the jury to disregard. At Gonzalez's request, the court gave the jury a second, sterner instruction to disregard the improper impeachment. Gonzalez then moved for a mistrial. The trial court denied the motion.

The jury convicted Gonzalez on all three counts. Gonzalez timely appealed.

### Admissibility of B.R.'s Medical Records

In his first issue, Gonzalez challenges the trial court's decision to admit the records of Dr. Schmidt, a testifying expert, related to B.R.'s treatment for PTSD. Gonzalez objected that the entire set of records were irrelevant or created a danger of unfair prejudice that substantially outweighed their probative value. *See* TEX. R. EVID. 401–403. He also made an alternative objection on the same legal grounds to a page in the records that describes B.R. observing mating dogs and thinking about Gonzalez.

4

## A. Standard of review

We review a trial court's ruling on the admission or exclusion of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011); *Walker v. State*, 321 S.W.3d 18, 22 (Tex. App.—Houston [1st Dist.] 2009, pet. dism'd). We will uphold the trial court's ruling unless it falls outside the "zone of reasonable disagreement." *Tillman*, 354 S.W.3d at 435; *accord Walker*, 321 S.W.3d at 22. If the trial court's evidentiary ruling is reasonably supported by the record and correct on any theory of applicable law, we will uphold the decision. *De La Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Tarley v. State*, 420 S.W.3d 204, 206 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).

## B. Objection to the entire set of records

We begin by examining Gonzalez's objection to the entire set of Dr. Schmidt's records, determining what, if any, probative value they have, and then weighing their probative value against the danger of unfair prejudice.

### 1. Probative value

Evidence may not be admitted for consideration by the jury unless it is relevant, i.e., if it is probative of a fact of consequence to the determination of the action. TEX. R. EVID. 401–402; *Brown v. State*, 757 S.W.2d 739, 740 (Tex. Crim. App. 1988). Generally, during the guilt/innocence phase of a trial, evidence of the complainant's medical injuries, including psychological trauma, is probative only

5

of the occurrence of the harm. Thus, if the defense concedes that the complainant was harmed, evidence of the injuries generally is not admissible. *Brown*, 757 S.W.2d at 740–41.

In *Brown v. State*, the prosecution sought to admit evidence that a rape victim suffered intense psychological trauma from the assault. *Id.* at 740. The defendant denied that he was the rapist, but he did not deny that the complainant had been raped. *Id.* at 740–41. The Court of Criminal Appeals found that the evidence was not relevant to the guilt/innocence determination because it provided no information on the identity of the rapist, and only furthered the undisputed contention that the complainant was raped. *Id.*

In *Yatalese v. State*, this Court held that the rule in *Brown* allowed the State to admit evidence of a child-complainant's psychological trauma in the guilt/innocence phase of a trial for aggravated sexual assault of a child. 991 S.W.2d 509, 511 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). In that case, the defendant denied that the assault occurred. The trial court did not abuse its discretion by admitting evidence that the complainant's behavior changed drastically after the alleged assault because this evidence tended to support the assertion that the assault occurred, a disputed fact of consequence to the guilt/innocence determination. *Id.*

This case is more similar to *Yatalese* than *Brown*. In *Brown,* the defense conceded both that the victim was traumatized and that she was traumatized because of rape. Here, Gonzalez used evidence that B.R.'s mother hit B.R. to explain B.R.'s trauma. Thus, while both parties agree that B.R. was traumatized, they disagree about the cause of the trauma.

The question before us is: Are Dr. Schmidt's records merely probative of B.R.'s psychological harm or are they also probative of the injury that caused the harm? We conclude that they tend to show not only that B.R. was traumatized, but that sexual assault, not maternal abuse, caused B.R.'s trauma. B.R.'s treatment included "revisiting experiences of sexual abuse." Another part of the records state that "[B.R.] does not know why [Gonzalez] touched him in his private area . . . he remains sad because of what happened to him." The records reveal that B.R. feels embarrassed and ashamed because Gonzalez, a man he trusted, sexually abused him. They also reflect B.R.'s anger at his family for failing to protect him from Gonzalez. Dr. Schmidt specifically tailored B.R.'s therapy to "[a]cknowledge and resolve trauma associated with allegation of overt sexual behavior with mother's paramour, [Gonzalez]." Thus the records are probative of whether the assaults occurred and whether Gonzalez was the assailant.

Gonzalez argues that the records are irrelevant victim-impact evidence. He relies on *Miller-El v. State* to support this contention. 782 S.W.2d 892, 895 (Tex.

7

Crim. App. 1990). In *Miller-El*, the Court of Criminal Appeals ruled that, in a guilt/innocence phase of an attempted-murder trial, evidence of a victim's future suffering was not probative of whether an assailant intended to kill the victim. *Id.* The records in this case, however, do not concern B.R.'s future suffering, but rather document the present harm caused by the sexual assault. Regardless, the issue in this case is whether the records are probative of the *actus reus*, not of the *mens rea*, which was the issue in *Miller-El. Id.* Thus, *Miller-El* does not apply.

Because the records are probative of contested facts that are of consequence to the determination of Gonzalez's guilt or innocence, our holding in *Yatalese* controls; the records are relevant.

### 2. Prejudicial effect

Relevant evidence is nonetheless inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. The mere fact that evidence adversely affects a defendant's case does not by itself create a danger of unfair prejudice. *Moreno v. State*, 409 S.W.3d 723, 729 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). "Virtually all evidence that a party offers will be prejudicial to the opponent's case, or the party would not offer it." *Casey v. State*, 215 S.W.3d 870, 883 (Tex. Crim. App. 2007). There is no danger of unfair prejudice unless the evidence has "an undue tendency to suggest a decision on an improper basis, commonly an emotional one." *Id.*

In evaluating the relative probative value and unfairly prejudicial effect of evidence, the trial court

> must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.

*Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006). In this case, the records do contain extraneous, irrelevant details. Some of these details may be unfairly prejudicial; one example is the record of B.R. thinking of Gonzalez while looking at two mating dogs. Further, any evidence of sexual misconduct involving children is inherently distressing.

Although the records invite some danger of unfair prejudice, this danger must substantially outweigh probative value of the evidence; otherwise, the records are admissible. *See Casey*, 215 S.W.3d at 882. This case turned on what caused B.R.'s trauma, and these records clearly point to sexual assault by Gonzalez. Thus, the evidence has a strong probative force. Although other witnesses provided substantial evidence of Gonzalez's guilt, only Dr. Schmidt diagnosed and treated B.R. for PTSD, and thus his records are uniquely probative of the cause of B.R.'s trauma. Considering the strong and unique probative force of the records, we

9

conclude that the trial judge's decision to admit the records was not an abuse of discretion. *See* TEX. R. EVID. 403.

## C.    Alternative objection

As discussed above, Gonzalez also objected, in the alternative, to a page of the treatment records describing B.R.'s reaction to seeing two mating dogs. Assuming, without deciding, that the trial court abused its discretion by admitting that page, Gonzalez must show that any error was not harmless. *Alexander v. State*, 740 S.W.2d 749, 765 (Tex. Crim. App. 1987). Error is harmless unless there is a "reasonable probability that [the error] might have contributed to the conviction or affected punishment." *Id.*

Gonzalez does not meet this requirement. Neither side emphasized the entry—it was never mentioned in Dr. Schmidt's testimony or in closing argument. More importantly, B.R.'s reaction to the dogs comprised only an insignificant part of the substantial evidence of Gonzalez's guilt. The other records of Dr. Schmidt indicated that B.R. was sexually traumatized by Gonzalez. Two other medical personnel testified that B.R. told them about the sexual assaults. B.R. gave testimony describing how Gonzalez would tie him up and sexually assault him. B.R.'s mother testified that B.R. had severe behavioral problems and was afraid to be alone. She also testified that she caught Gonzalez with his pants unzipped next to B.R., who had saliva on his mouth. Because the entry was not emphasized and

because it was such an insignificant addendum to the substantial evidence of Gonzalez's guilt, any error in its admission was harmless.

Because Gonzalez does not demonstrate reversible error with respect to either of his objections, we overrule Gonzalez's first issue.

### Ineffective Assistance of Counsel

In his second issue, Gonzalez contends that, to the extent that his lawyer failed to preserve his objections to Dr. Schmidt's records, he was denied the effective assistance of counsel. We evaluate claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Under *Strickland*, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's unprofessional error, there is a reasonable probability that the result of the proceedings would have been different. *Id.* at 687–94, 104 S.Ct. at 2064–68; *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

To satisfy the second prong of the *Strickland* test, defendant must show that, if the issue were preserved, there would be a reasonable probability that an appellate court would rule in his favor. *Ex Parte Moore*, 395 S.W.3d 152, 158 (Tex. Crim. App. 2013). Here, both parties agree that Gonzalez's attorney properly objected to Dr. Schmidt's records. But we do not need to reach the preservation issue because, as discussed in our analysis of Gonzalez's first issue, there is no

11

reversible error in the admittance of Dr. Schmidt's records into evidence. *See id.* We overrule Gonzalez's second issue.

## Denial of Motion for Mistrial

In his third issue, Gonzalez contends that the trial court erred by denying his request for a mistrial after the improper impeachment of his son with prior misdemeanor marijuana convictions. He urges that the convictions left an "indelible mark" on the jury's evaluation of the son's credibility that was not cured by the trial court's prompt instruction.

### A. Standard of review

We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). "A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). A prompt instruction from the trial judge is usually enough to cure the error and avoid the need for a mistrial. *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Whether an error requires a mistrial must be determined by the particular facts of the case. *Ladd*, 3 S.W.3d at 567.

When we review an action on a motion for mistrial, "[d]eterminations of historical fact and assessment of witness credibility and believability are left almost entirely to the discretion of the trial judge, and where there is conflicting

12

evidence there is no abuse of discretion if the motion is overruled." *Hughes v. State*, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000). An appellate court views the evidence in the light most favorable to the trial court's ruling. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). The ruling must be upheld if it is within the zone of reasonable disagreement. *Id.*

## B. Instruction to disregard

The witness, Gonzalez's son, testified that Gonzalez was a loving, caring parent, both as a father to the witness and as a surrogate father to B.R. On cross-examination, the State improperly impeached Gonzalez's son with several misdemeanor marijuana convictions. Gonzalez objected to the impeachment, but only after the witness admitted to the prior convictions. The trial court sustained the objection, and then instructed the jury to "disregard the last question and answer and consider it for no purpose." At the request of defense counsel, the trial court added an additional instruction: "Possession of marijuana is not a crime of moral turpitude and this is not permitted for purposes of impeachment . . . it is not allowed in determining credibility. The question should not have been asked." Gonzalez then moved for a mistrial, which the court denied.

To determine if the trial court abused its discretion by denying a mistrial motion after a prompt instruction to disregard, we use the three-factor test announced in *Mosley v. State*, 983 S.W.2d 249, 259–60 (Tex. Crim. App. 1998).

13

We look to three factors: (1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction absent the misconduct. *Carballo v. State*, 303 S.W.3d 742, 748 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd); *see also Archie v. State*, 340 S.W.3d 734, 740 (Tex. Crim. App. 2011) (applying the *Mosley* factors to the denial of a motion for mistrial).

Turning to the first factor, we examine "the severity of the misconduct, or in other words, the magnitude of the prejudicial effect of the prosecutor's [misconduct]." *Archie*, 340 S.W.3d at 740. The prosecutor's impeachment was clearly improper. *See* TEX. R. EVID. 609(a). She inappropriately emphasized the inadmissible convictions by asking the witness if he had been convicted "three times" and then listing for the jury each conviction date in a second improper question. She further underscored the improper impeachment by saving it for the very end of her cross examination. These actions magnified the prejudicial effect of the error.

With respect to the second factor, "the reviewing court considers the character of the measures adopted to cure the misconduct." *Archie*, 340 S.W.3d at 741. Gonzalez contends that the judge's prompt action could not have cured the taint left in the jurors' minds by the improper impeachment. We disagree. An instruction to disregard is presumed effective unless the particular facts imply otherwise. *Waldo v. State*, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988). In this

case, the trial court sustained Gonzalez's objection, and then instructed the jury to disregard twice. In its second instruction, the trial court repeated the need for the jury to disregard, explained why the law required the jury to ignore the convictions, and clearly assigned error to the State. These facts support the presumption that the instruction to disregard was effective.

In examining the third factor, "the reviewing court looks to the certainty of conviction absent the misconduct." *Archie*, 340 S.W.3d at 741. Gonzalez asserts that, absent the improper impeachment, conviction was far from certain because his entire defense was based on his credibility as established through his son. But Gonzalez's defense relied on more than just evidence of his good character; it also pointed out the lack of forensic evidence and offered the misconduct of B.R.'s mother as an alternate explanation for B.R.'s trauma. These arguments by the defense are wholly unscathed by the improper impeachment. Further, although the prosecutor should not have brought the marijuana convictions to the jury's attention, the convictions do not speak to the quality of the witness's relationship to Gonzalez, which was the substance of his testimony. Finally, as discussed in our analysis of Gonzalez's first issue, there was substantial evidence of Gonzalez's guilt. Therefore, we conclude that there was a high probability of conviction absent the improper impeachment.

15

Although the prosecutor magnified the prejudicial effect of the improper impeachment, the error was swiftly dealt with by the trial court, and a guilty verdict was very likely even without the misconduct. While we do not condone the prosecutor's actions, we hold that the trial court did not abuse its discretion by denying the motion for mistrial. Accordingly, we overrule Gonzalez's third issue.

## Conclusion

We affirm the judgment of the trial court.


Harvey Brown
Justice


Panel consists of Justices Massengale, Brown, and Huddle.

Publish. TEX. R. APP. P. 47.2(b).

16



**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER ON MOTION FOR REHEARING

Appellate case name:     Ignacio Martin Gonzalez **v.** The State of Texas

Appellate case number:   01-13-00901-CR; 01-13-00902-CR; 01-13-00903-CR

Trial court case number: 1377914

Trial court:             184th District Court of Harris County

Date motion filed:       January 12, 2015

Party filing motion:     Ignacio Martin Gonzalez

It is ordered that the motion for rehearing is ☒ **DENIED** ☐ **GRANTED.**

Judge's signature: /s/ Harvey Brown
                   ☐ Acting individually   ☒ Acting for the Court

Panel consists of: Justices Massengale, Brown, and Huddle

Date: January 29, 2015

*e.g., Appendix C.*

PRIS

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Corpus Christi)
### CIVIL DOCKET FOR CASE #: 2:14-cv-00283
### Internal Use Only

Flores v. TDCJ Transitorial Planning Depart. Southern
Region Inst. Division et al
Assigned to: Judge Nelva Gonzales Ramos
Referred to: Magistrate Judge Jason B. Libby
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 06/30/2014
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: Federal Question

### Plaintiff

**Reynaldo Flores**
*et al*

represented by **Reynaldo Flores**
1912036
Cotulla Unit
610 FM 624
Cotulla, TX 78014
PRO SE

V.

### Defendant

**TDCJ Transitorial Planning Depart.**
**Southern Region Inst. Division et al**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/30/2014 | 1 | Prisoner Civil Rights COMPLAINT against TDCJ Transitorial Planning Depart. Southern Region Inst. Division et al (Filing fee $ 400) filed by Reynaldo Flores. (Attachments: # 1 Exhibits, # 2 Envelope)(amireles, 2) (Entered: 07/01/2014) |
| 07/01/2014 | 2 | NOTICE to Pro Se Litigant. Party notified, filed. (amireles, 2) (Entered: 07/01/2014) |
| 07/01/2014 | 3 | NOTICE of Exclusion, filed. (amireles, 2) (Entered: 07/01/2014) |
| 07/02/2014 | 4 | NOTICE OF DEFICIENT PLEADING as to Reynaldo Flores. Submit filing fee of $400.00 or a fully complete application for leave to proceed in forma pauperis together with a certified copy of the trust fund account statement. Parties notified. Notice of Compliance due by 7/22/2014, filed. (Attachments: # 1 IFP Form). Mailed to Plaintiff with receipt card. (amireles, 2) (Entered: 07/02/2014) |
| 07/17/2014 | 5 | RETURN of Service Executed as to Reynaldo Flores on 7/14/14 re: received copy of DE #4 and IFP form, filed.(mserpa, 2) (Entered: |

*e.g., Appendix D-*

| | | | |
|---|---|---|---|
| | | | 07/17/2014) |
| 07/17/2014 | | 6 | MOTION for Extension of Time to File Compliance Pursuant to 28 USC 1915Motions referred to Jason B. Libby. by Reynaldo Flores, filed. Motion Docket Date 8/7/2014. (mserpa, 2) (Entered: 07/17/2014) |
| 07/18/2014 | | 7 | ORDER granting in part 6 Motion for Extension of Time Notice of Compliance due by 8/15/2014.(Signed by Magistrate Judge Jason B. Libby) Parties notified.(mserpa, 2) (Entered: 07/18/2014) |
| 07/18/2014 | 🔒 | | (Court only) Document(s) Sent by regular mail to Reynaldo Flores re: 7 Order on Motion for Extension of Time and an application to proceed IFP. Documents mailed to Plaintiff's new address at the Cotulla Unit, TDCJ, 610 FM 624, Cotulla, Tx. 78014. (mserpa, 2) (Entered: 07/18/2014) |
| 07/25/2014 | | 8 | MOTION/APPLICATION to Proceed In Forma Pauperis; Motions referred to Jason B. Libby. by Reynaldo Flores, filed. Motion Docket Date 8/15/2014. (lcayce, 2) (Additional attachment(s) added on 7/25/2014: # 1 Exhibit) (lcayce, 2). (Entered: 07/25/2014) |
| 07/25/2014 | 🔒 | 9 | Prisoner Trust Fund Account Statement by Reynaldo Flores, filed. (lcayce, 2) (Entered: 07/25/2014) |
| 07/25/2014 | | 10 | NOTICE of Change of Address by Reynaldo Flores, filed. (lcayce, 2) (Entered: 07/25/2014) |
| 07/30/2014 | | 11 | DECLARATION of Kareen Penn, filed.(lcayce, 2) (Entered: 07/30/2014) |
| 07/31/2014 | | 12 | MOTION for Extension of Time to File an Amended ComplaintMotions referred to Jason B. Libby. by Reynaldo Flores, filed. Motion Docket Date 8/21/2014. (amireles, 2) (Entered: 07/31/2014) |
| 08/21/2014 | | 13 | ORDER granting 12 Motion for Extension of Time to File an Amended Complaint. Amended complaint shall be filed no later than 9/30/2014. (Signed by Magistrate Judge Jason B. Libby) Parties notified.(jalvarez, 2) (Entered: 08/22/2014) |
| 08/21/2014 | | 14 | ORDER for Initial Partial Filing Fee and Collection Order as to Reynaldo Flores; terminating 8 MOTION/APPLICATION to Proceed In Forma Pauperis (Signed by Magistrate Judge Jason B. Libby) Parties notified. Copy to TDCJ - Office of the General Counsel. (lcayce, 2) (Entered: 08/22/2014) |
| 09/10/2014 | | 15 | DECLARATION of Victor Diaz, filed.(lcayce, 2) (Entered: 09/10/2014) |
| 09/10/2014 | | 16 | DECLARATION of Tommy Harris, filed.(lcayce, 2) (Entered: 09/10/2014) |
| 09/22/2014 | | 17 | MOTION for Extension of Time to File an Amended ComplaintMotions referred to Jason B. Libby. by Reynaldo Flores, filed. Motion Docket Date 10/14/2014. (amireles, 2) (Entered: 09/22/2014) |
| 09/24/2014 | | 18 | ORDER SETTING EVIDENTIARY HEARING. Evidentiary Hearing |

| | | |
|---|---|---|
| | | by telephone conference set for 10/1/2014 at 02:00 PM before Magistrate Judge Jason B. Libby(Signed by Magistrate Judge Jason B. Libby) Parties notified.(lcayce, 2) (Entered: 09/24/2014) |
| 10/01/2014 | | Minute Entry for proceedings held before Magistrate Judge Jason B. Libby. TELEPHONIC EVIDENTIARY/SPEARS HEARING held on 10/1/2014. Appearances:Reynaldo Flores.(Digital # 2:04:18-2:33:03) (ERO:arlene rodriguez), filed.(kbledsoe, 2) (Entered: 10/01/2014) |
| 10/29/2014 | 19 | MEMORANDUM AND RECOMMENDATIONS re 1 Complaint Objections to M&R due by 11/12/2014(Signed by Magistrate Judge Jason B. Libby) Parties notified.(lrivera, 2) (Entered: 10/29/2014) |
| 11/10/2014 | 20 | ACKNOWLEDGMENT OF SERVICE by Reynaldo Flores on 11/3/14 re: M & R, filed.(lcayce, 2) (Entered: 11/12/2014) |
| 11/14/2014 | 21 | MOTION for Extension of Time, Objection to Memorandum and RecommendationMotions referred to Jason B. Libby. by Reynaldo Flores, filed. Motion Docket Date 12/5/2014. (lrivera, 2) (Entered: 11/14/2014) |
| 11/17/2014 | 22 | ORDER granting 21 Motion for Extension of Time.(Signed by Magistrate Judge Jason B. Libby) Parties notified.(lrivera, 2) (Entered: 11/17/2014) |
| 12/22/2014 | 23 | OBJECTIONS to 19 Memorandum and Recommendations, filed by Reynaldo Flores. (lrivera, 2) (Additional attachment(s) added on 12/23/2014: # 1 envelope) (lrivera, 2). (Entered: 12/23/2014) |
| 12/29/2014 | 24 | NOTICE of Objection and Amended Complaint Submitted by Reynaldo Flores, filed. (lcayce, 2) (Entered: 12/30/2014) |
| 12/29/2014 | 25 | OBJECTIONS to 19 Memorandum and Recommendations, filed by Reynaldo Flores. (Attachments: # 1 Continuation, # 2 Continuation) (lcayce, 2) (Additional attachment(s) added on 12/30/2014: # 3 Exhibits, # 4 Exhibits, # 5 Exhibits, # 6 Exhibits, # 7 Exhibits, # 8 Exhibits, # 9 Exhibits, # 10 Envelope) (lcayce, 2). (Entered: 12/30/2014) |
| 01/07/2015 | 26 | Motion to Obtain Docket Sheet by Reynaldo Flores, filed. Copy of current docket sheet mailed to pltff. (lcayce, 2) (Entered: 01/07/2015) |